IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                              Case No: 04-10105-JTM

KENYON HALL,

    Defendant.

**MEMORANDUM AND ORDER**

This matter comes before the court on the defendant's Motion to Compel Disclosure of Discovery (Dkt. No. 32). Defendant Kenyon Hall argues that the government and/or his court-appointed attorney, Jeff L. Griffith must disclose the following:

1. Grand jury proceedings
2. Indictment and information
3. Trial memorandum
4. Discovery-investigative reports
5. Jury instructions
6. Trial transcripts
7. Jury verdicts
8. Sentencing memorandum
9. Presentence investigative report
10. Objections to the presentence investigative reports both written and oral.
11. Addendum to the presentence reports
12. Transcripts of the sentencing hearing
13. A full and complete copy of the criminal docket sheet

Also, defendant argues Mr. Griffith must execute his appeal or file an <u>Anders</u> brief to withdraw.

For the reasons set forth herein, the court denies Mr. Hall's request.

The defendant improperly brought this motion under Rule 16 of the Federal Rules of Criminal Procedures. Rule 16 is used for pretrial actions. The Supreme Court stated, "both the language and history of Rule 16 indicate that it addresses only pretrial discovery." U.S. v. Nobles, 422 U.S. 225, 235 (1975).

Items 2, 5, 7, 9, 10, 11, 13 are already available to defendant in public records and do not require a ruling by this court. The defendant must only search the available public records to obtain this information.

The court or the government is not required to disclose transcripts from trial and sentencing (items 6 and 12), unless the defendant can show that his/her appeal is not frivolous. 28 U.S.C.A. § 753. Further, the 10th Circuit has specifically upheld "the constitutionality of 28 U.S.C. § 753(f), which permitted free transcripts to be furnished to only those federal habeas petitioners who demonstrated their appeal was not frivolous and required a transcript for its disposition." Tyler v. Owen, 172 F.3d 879 (Table), 1999 WL 100930, at *1 (10th Cir. Mar. 1, 1999) (citing U.S. v MacCollum, 426 U.S. 317 (1976)). The defendant has made no showing that he is even making an appeal, never mind a showing that an appeal is not frivolous.

Grand jury proceedings are not disclosed without evidence of a defendant's particularized need for disclosure. U.S. v. Welch, 201 F.R.D. 521, 524 (D. Utah 2001). The 10th Circuit held, "[p]arties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." In re Lynde, 922 F.2d 1448, 1451-52 (10th Cir. 1991). The defendant has made no argument as to a particularized need to receive information on grand jury proceedings.

As for item 4, if Mr. Griffith has any discovery-investigative reports, then defendant is entitled to these documents. However, it is not clear that any such documents exist.

As for the <u>Anders</u> brief, the court finds that defendant's request lacks merit. Since defendant's time for appeal has lapsed and there is no pending appeal, there is no basis for having Mr. Griffith file an <u>Anders</u> brief.

In conclusion, the court finds that defendant improperly brought this motion under Rule 16. The court holds that the government is not required to disclose items 2, 5, 7, 9, 10, 11 and 13 because they are currently available in the public record. The government is also not required to disclose items 1, 6, and 12 because defendant did not meet the legal standards to obtain these items. It is unclear what defendant is requesting in items 3 and 8. Finally, Mr. Griffith should turn over to defendant any discovery-investigative reports in his possession, if such documents exist. Finally, the court denies defendant's request for an <u>Anders</u> brief for withdrawal.

IT IS ACCORDINGLY ORDERED this 30th day of June 2005, that the court denies defendant's Motion to Compel Disclosure (Dkt. No. 32).

        s/ J. Thomas Marten
        J. THOMAS MARTEN, JUDGE